*942 OPINION.
Lansdon :
The evidence is clear that the automatic presses owned by the petitioner were operated 24 hours daily during the taxable years. Such presses may have sustained accelerated depreciation, at the rate claimed. The record, however, discloses no cost basis upon which such additional allowance can be computed, as the only proof of cost is that five automatic presses, one large cylinder press and two linotype machines were acquired in 1910 at a cost of $12,000. There is no claim that the linotype or the cylinder press sustained any accelerated depreciation nor is there any segregation of the costs of the several kinds of machinery. In the state of the record there is *943 no basis for the computation of the accelerated depreciation claimed by the petitioner.
The action of the respondent in disallowing the cost of the “ New Era 15 as a loss sustained and charged off in the taxable year is approved. Upon the evidence, assuming that the purchase in question resulted in the loss claimed, it is clear that such loss was not sustained in 1922. The “ New Era ” was acquired in November of 1921, and its publication as a newspaper was discontinued after only one or two issues. It is also in evidence that the petitioner still retains the ownership and right to publish the “ New Era.” In fact it now owns everything that it purchased from the New Era Publishing Co. and the fact that it discontinued the issue of the “ New Era ” is not in itself sufficient to convince us that the property acquired became worthless in the taxable year.

Judgment roill be entered for the respondent.

Considered by Steiinhagen, Green, and Arundell.